CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
NOV 07 2017
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| SABRINA CARICO, | ) |
| Plaintiff, | ) Case No. 4:16-cv-00014 |
| v. | ) **MEMORANDUM OPINION** |
| SSI, SOCIAL SECURITY ADMINISTRATION, | ) By: Hon. Jackson L. Kiser |
| | )      Senior United States District Judge |
| Defendant. | ) |

Before me is the Report and Recommendation ("R&R") of the United States Magistrate Judge recommending that I grant the Commissioner's Motion for Summary Judgment [ECF No. 15]. The R&R was filed on August 29, 2017 [ECF No. 17], and Plaintiff Sabrina Carrico filed objections on September 11, 22017 [ECF No. 18]. The Commissioner did not respond and the matter is now ripe for review. See Fed. R. Civ. P. 72(b). After careful review and consideration, and for the reasons stated below, I will overrule Plaintiff's objection and grant the Commissioner's Motion for Summary Judgment.

### I.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

On June 15, 2012, Plaintiff filed an application for supplemental security income pursuant to Title XVI of the Social Security Act. See 42 U.S.C. §§ 1381–1383f (2016). (R. 169–177.) In her application, Plaintiff alleged that she had been disabled since May 25, 2012, due to a combination of anxiety, depression, arthritis in her hips and shoulders, and hearing loss in her left ear. (See, e.g., R. 72.) The Commissioner denied Plaintiff's claims initially on October 4, 2012, and again upon reconsideration on April 8, 2013. (See R. 72–92.)

On August 12, 2014, Plaintiff appeared with her attorney before Administrative Law Judge H. Munday ("the ALJ"). (R. 35–71.) Both Plaintiff and a vocational expert, James Gannow, testified. (Id.) In a written decision dated November 7, 2014, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. (See generally R. 19–30.) He found that Plaintiff suffered from "anemia, back disorder, depression and anxiety," all of which qualified as serious impairments. (R. 21 (citing 20 C.F.R. § 416.920(c)).) ALJ Munday found that Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 23(citing 20 C.F.R. §§ 416.920(d), 416.925, 416.926).)

After consideration of the entire Record, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), with some limitations. (See R. 25.) The ALJ determined that Plaintiff was capable of performing past relevant work as a motel cleaner, and that she would be able to perform jobs that exist in significant numbers in the national economy, such as price maker, garment sorter, and hand packer. (R. 28–29 (citing 20 C.F.R. §§ 404.1565(a), 416.969, 419.969(a).) Accordingly, he concluded that Plaintiff was not disabled within the meaning of the Act. (R. 30.) The Appeals Council denied Plaintiff's request for review, and the decision of the ALJ became the final decision of the Commissioner on February 9, 2016. (R. 1–4.)

On March 21, 2016, Plaintiff filed suit in this Court to challenge the final decision of the Commissioner. (Compl. [ECF No. 2].) Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the case to the United States Magistrate Judge for consideration. The Commissioner filed a motion for summary judgment, and Plaintiff filed relevant evidence in support of her claim for benefits. (See Pl.'s Br., Aug. 15, 2016 [ECF No. 14]; Def.'s Mot. Summ. J., Sept. 9, 2016 [ECF No. 15].)

On August 29, 2017, Judge Hoppe filed his Report and Recommendation ("R&R"), recommending that I grant the Commissioner's motion for summary judgment and affirm the decision of the Commissioner. (R&R, Aug. 29, 2017 [ECF No. 17].) On September 11, 2017, Plaintiff filed her *pro se* objection to the R&R. (Pl.'s Obj., Sept. 11, 2017 [ECF No. 18] [hereinafter "Pl.'s Obj."].) The Commissioner did not respond, so the matter is ripe for review.

## II.  STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. See 42 U.S.C. § 405(g) (2014); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545 (2014); see Shively v. Heckler, 739 F.2d 987, 990 (4th Cir. 1984) (noting that it is the role of the ALJ, not the vocational expert, to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927 (2014). Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is

for the ALJ and the Commissioner. See id. §§ 404.1527(e), 416.927(e); Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. Laws, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary," Mastro, 270 F.3d at 176 (quoting Craig, 76 F.3d at 589), or the secretary's designate, the ALJ, Craig, 76 F.3d at 589 (quoting Walker, 834 F.2d at 640).

### III. DISCUSSION

Plaintiff's *pro se* objections to the R&R make no specific complaints about Judge Hoppe's review of the Record. Rather, she asks that someone "look at [her] case again." (Pl.'s Obj., pg. 2.) Although Plaintiff is now proceeding *pro se*, I am confined by the applicable law. Mere repetition of those arguments made to and rejected by Magistrate Judge Hoppe is generally not sufficient to state an objection under Federal Rule of Civil Procedure 72. As has been stated before:

> The issues that Plaintiff raises in her general objection have already been addressed by Magistrate Judge [Hoppe] when they were before him in Plaintiff's summary judgment brief. Allowing a litigant to obtain *de novo* review of her entire case by merely reformatting an earlier brief as an objection "make[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."

Veney v. Astrue, 539 F. Supp. 2d 841, 845–46 (W.D. Va. 2008) (quoting Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)). Because Plaintiff is proceeding *pro se*, however, I will grant her review of Judge Hoppe's R&R for clear error. Cf. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.30 310, 315 (4th Cir. 2005).

When considering the record as a whole, I agree with Judge Hoppe that substantial evidence supports the Commissioner's decision. The Commissioner reviewed all applicable medical records, made appropriate determinations, applied the proper legal standards, and her factual conclusions were supported with sufficient evidence under the law. I sympathize with Plaintiff and understand her disagreement, but both the Commissioner and the Magistrate Judge applied the law fairly and properly.

Insofar as Plaintiff asserts that her medical problems have changed or worsened (see, e.g., Pl.'s Br., pgs. 2–3), she is free to re-file her claim for SSI. If her conditions worsen to the point where she is unable to perform the range of light work as determined by the Commissioner, she may seek the benefits to which she may be entitled. At this stage, however, the determination of her original claim is correct under the law.

## IV. CONCLUSION

Though I sympathize with Plaintiff, the law had been applied correctly in her case. I find no error with Judge Hoppe's recommendation, and will therefore adopt the R&R, grant the Commissioner's motion for summary judgment, and affirm the Commissioner's final decision.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record as well as to Magistrate Judge Hoppe.

ENTERED this 7th day of November, 2017.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE